UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10254-GAO

ARRUDA & BEAUDOIN, LLP d/b/a SOCIAL SECURITY LAW GROUP, and
LISA WARTH, CHRISTINA BROOKS, and MATTHEW FRIEDMAN, Individually
and on Behalf of Similarly Situated Individuals,
Plaintiffs,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, and
THE SOCIAL SECURITY ADMINISTRATION,
Defendants.

ORDER
September 30, 2011

O'TOOLE, D.J.

When the plaintiffs commenced this action, they simultaneously filed a motion for a preliminary injunction that would, if granted, effectively give them substantially all the equitable relief prayed for in the complaint. The defendants filed an opposition to the motion, and the plaintiffs sought and were granted leave to file a reply, which they did.

The defendants also filed, after some enlargements of time, a motion to dismiss the Complaint for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6), which the plaintiffs in due course have opposed.

To persuade a court to enter a preliminary injunction in their favor, the plaintiffs must demonstrate that they have a substantial likelihood of success on the merits of their claims. See Esso Standard Oil Co. (P.R.) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("The sine qua non of [the preliminary injunction] inquiry is likelihood of success

on the merits."). The pending motion to dismiss has cast doubt on the plaintiffs' likelihood of success, and the issues raised by that motion will necessarily need to be resolved as part of the determination whether to grant extraordinary preliminary relief.

Moreover, determining what claims are or are not viable may affect the other considerations that bear on the question of preliminary relief—whether the plaintiffs are irreparably harmed, whether the balance of potential harms favors the plaintiffs, and what the impact might be on the public interest more broadly. The last consideration is a significant one where the relief sought would alter the manner in which an agency of the United States conducts its affairs.

For these reasons and in the interest of an orderly and careful determination of the issues in the case, the defendants' motion to dismiss should be addressed first. In order to expedite that consideration, the motion will be referred to the magistrate judge for a report and recommendation. The Court requests the magistrate judge to give the matter priority consideration.

The motion for a preliminary injunction is DENIED WITHOUT PREJUDICE to renewal if appropriate after disposition of the issues raised by the motion to dismiss. To the extent inconsistent with this order, the plaintiffs' motion to expedite is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge